IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY S. JAMESON,

    Plaintiff,

vs.

SCOTT RAWERS, et al.,

    Defendants.

CV F 03 5593 REC WMW P

ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the third amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections for conduct that occurred while plaintiff was housed at Avenal State Prison.

    In the third amended complaint on which this action proceeds, plaintiff states that he is bringing this action on behalf of certain other inmate plaintiffs. There is no indication that plaintiff is an attorney, or is authorized to practice law in California. This action will therefore be construed as a civil action brought by plaintiff on his own behalf. The court will not consider claims brought on behalf of any other individual.

Further, the court notes that throughout the third amended complaint, plaintiff asserts conclusory allegations and refers the court to his attached exhibits. Plaintiff is advised that the complaint or amended complaint must be complete in and of itself, without reference to any other document. Plaintiff is cautioned that the court will only consider allegations included in the operative amended complaint.[1]

The court will grant plaintiff an opportunity to file a fourth amended complaint. Should plaintiff fail to file a fourth amended complaint, this action will proceed on the third amended complaint. As noted, the court will not consider any factual allegations not set forth in the third amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

---

[1] It is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). The court will therefore return plaintiff's exhibits.

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint."

2. The Clerk is directed to return to plaintiff the exhibits attached to the third amended complaint.

IT IS SO ORDERED.

**Dated:   June 22, 2005**          **/s/  William M. Wunderlich**
mmkd34                                      UNITED STATES MAGISTRATE JUDGE