IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY S. JAMESON,

        Plaintiff,                      CV F 03 5593 OWW WMW   P

   vs.                                ORDER TO SHOW CAUSE

SCOTT RAWERS, et al.,

        Defendants.

       Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the conditions of his confinement.

       Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this action pursuant to 42 U.S.C. § 1983 against defendant correctional officials employed by the California Department of Corrections.[1] Plaintiff's complaint sets forth claims regarding conduct that occurred while Plaintiff was housed at Avenal State Prison.

       Plaintiff's claims stem from prison disturbances that occurred on April and

---

[1] Plaintiff has been granted leave to amend the complaint four times. This action proceeds on the April 20, 2006, fifth amended complaint. Plaintiff filed the fifth amended complaint along with three other inmates. In the order of June 22, 2005, Plaintiff was advised that this action will be construed as a civil action brought by Plaintiff on his own behalf. The court will not consider claims brought on behalf of any other individual. This action therefore proceeds with Plaintiff Jameson as the sole Plaintiff.

November of 2002, injuries resulting from those events, and the classification and assignment of Plaintiff and other inmates. Plaintiff also sets forth allegations regarding the release of a mentally ill inmate. Plaintiff also sets forth claims regarding medical care while housed at Avenal. Plaintiff claims that he was denied parole despite having a maximum release date. Plaintiff claims that he had been denied adequate access to the law library and to legal resources. Plaintiff alleges that he has been denied basic necessities for sanitation, specifically, he was only distributed one half bar of soap and one roll of toilet paper per week. Plaintiff also claims that defendants are delaying the processing of his inmate appeals and, in some cases, refusing to process them. All of the allegations in the fifth amended complaint concern conduct that occurred at Avenal State Prison.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement. All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted. Jameson v. Ratelle, 96-0299 J (CM) (So. Dist. Cal. Jan. 27, 1997); Jameson v. Cal. Dept. Of Corrections, 96-1175 H (So. Dist. Cal. Jan. 24, 1997); Jameson v. Richard J. Donovan Correctional Facility , 96-1797 K (So. Dist. Cal. Jan. 22, 1997). Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury. There are no such facts alleged in this case.

Accordingly, IT IS HEREBY ORDERED that plaintiff is directed to show cause,

1 within thirty days of the date of service of this order, why his request to proceed in forma
2 pauperis should not be denied.   Failure to file a response will result in a recommendation that
3 Plaintiff's application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g).

7 IT IS SO ORDERED.

8 **Dated:     December 26, 2006**              **/s/  William M. Wunderlich**
mmkd34                                         UNITED STATES MAGISTRATE JUDGE