IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY S. JAMESON,

            Plaintiff,                        CV F 03 5593 LJO WMW   P

     vs.                                    ORDER DENYING PLAINTIFF LEAVE
TO PROCEED IN FORMA PAUPERIS
AND DIRECTING PLAINTIFF TO
SUBMIT FILING FEE

SCOTT RAWERS, et al.,

            Defendants.

       Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the conditions of his confinement.

       Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this action pursuant to 42 U.S.C. § 1983 against defendant correctional officials employed by the California Department of Corrections.[1]  Plaintiff's complaint sets forth claims regarding conduct that occurred while Plaintiff was housed at Avenal State Prison.

       Plaintiff's claims stem from prison disturbances that occurred on April and

---

[1]Plaintiff has been granted leave to amend the complaint four times.  This action proceeds on the April 20, 2006, fifth amended complaint.  Plaintiff filed the fifth amended complaint along with three other inmates.  In the order of June 22, 2005, Plaintiff was advised that this action will be construed as a civil action brought by Plaintiff on his own behalf.  The court will not consider claims brought on behalf of any other individual.   This action therefore proceeds with Plaintiff Jameson as the sole Plaintiff.

November of 2002, injuries resulting from those events, and the classification and assignment of Plaintiff and other inmates.  Plaintiff also sets forth allegations regarding the release of a mentally ill inmate.   Plaintiff also sets forth claims regarding medical care while housed at Avenal.  Plaintiff claims that he was denied parole despite having a maximum release date. Plaintiff claims that he had been denied adequate access to the law library and to legal resources. Plaintiff alleges that he has been denied basic necessities for sanitation, specifically, he was only distributed one half bar of soap and one roll of toilet paper per week.  Plaintiff also claims that defendants are delaying the processing of his inmate appeals and, in some cases, refusing to process them.   All of the allegations in the fifth amended complaint concern conduct that occurred at Avenal State Prison.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

The Magistrate Judge entered an order finding that this plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement.  All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted. Jameson v. Ratelle, 96-0299 J (CM) (So. Dist. Cal. Jan. 27, 1997); Jameson v. Cal. Dept. Of Corrections, 96-1175 H (So. Dist. Cal. Jan. 24, 1997); Jameson v. Richard J. Donovan Correctional Facility , 96-1797 K (So. Dist. Cal. Jan. 22, 1997).   The Magistrate Judge directed Plaintiff to show cause whey he should not be  entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury.   There are no such facts alleged in this case.

Plaintiff failed to file a response to the order to show cause, and the Magistrate Judge entered findings and recommendations, recommending that Plaintiff be denied leave to proceed in forma pauperis. Plaintiff filed a reply to the order to show cause (after the findings and recommendations were entered).   Plaintiff also filed a motion for reconsideration of the findings and recommendations and objections to the findings and recommendations.  The motion for reconsideration requests that Plaintiff be allowed to file a reply.  The Court will consider the reply to the order to show cause.

Plaintiff disagrees the finding that he has suffered three "strikes" within the meaning of 28 U.S.C. § 1015(g).  Plaintiff offers no specific examples, and does not challenge a particular case.  Plaintiff indicates that he does no have access to any of his old filings.

In case number 97-0326 K (AJB) (Southern District of California), U.S. District Judge Judith N. Keep found that Plaintiff "has had at least three prior prisoner actions dismissed by the Southern District of California on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." Judge Keep took judicial notice of the fact that Plaintiff had suffered three "strikes" within the meaning of 28 U.S.C. § 1915(g). Plaintiff has not made any showing that disturbs that ruling, or that he does not have three "strikes" within the meaning of the statute.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g).

2.  Plaintiff is directed to submit, within thirty days of the date of service of this order, the $250 filing fee in full.  Plaintiff's failure to do so will result in dismissal of this action for failure to pay the filing fee.
IT IS SO ORDERED.

Dated:   **August 2, 2007**                          _____/s/ Lawrence J. O'Neill_____
                                                                UNITED STATES DISTRICT JUDGE