IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY S. JAMESON,

        Plaintiff,               1: 03 CV 5593 LJO WMW PC

        vs.                         ORDER RE MOTIONS (DOC 40, 42)

SCOTT RAWERS, et al.,

        Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are Plaintiff's motions for reconsideration.

      On August 2, 2007, an order was entered, denying Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and directing Plaintiff to submit the $250 filing fee for a civil action. Plaintiff was denied leave to proceed in forma pauperis on the ground that he had suffered three previous dismissals for failure to state a claim or frivolousness.

      The court found that Plaintiff had, on three or more prior occasions, suffered three dismissal counting as "strikes," pursuant to 28 U.S.C. § 1915(g). <u>Jameson v. Ratelle</u>, 96-0299 J

1

(CM) (So. Dist. Cal. Jan. 27, 1997); Jameson v. Cal. Dept. Of Corrections, 96-1175 H (So. Dist. Cal. Jan. 24, 1997); Jameson v. Richard J. Donovan Correctional Facility , 96-1797 K (So. Dist. Cal. Jan. 22, 1997). Because Plaintiff failed to allege facts indicating that he was in imminent danger of serious physical injury, Plaintiff was denied leave to proceed in forma pauperis.

On August 17, 2007, Plaintiff filed a motion for reconsideration. In this motion, Plaintiff argues that the cases relief upon by the court should not count as "strikes." Plaintiff argues that he does not have records of the previous cases, and can not therefore challenge them. Plaintiff also challenges the imposition of the $250 filing fee on the ground that the filing fee was $150 at the time this action was filed. Plaintiff also states that he has arranged to "have someone in the institution where he is offer to send $100 out to his family to assist in paying of the initial fee balance, and was expecting to have his family add the $5.70 t the $100 and pay the court the entire fee."

Plaintiff also seeks reconsideration of the September 27, 2007, order denying as moot an earlier motion for reconsideration of a finding and recommendation. The court denied that motion as moot, as the court had entered an order adopting the finding and recommendation. The recommendation at issue is the January 29, 2007, finding and recommendation that Plaintiff be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). On August 2, 2007, an order was entered by the District Court, denying Plaintiff's application to proceed in forma pauperis. The recommendation is therefore moot.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or

taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)(en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

The cases relief upon by the court as "strikes" were considered by the District Court in case number 97-0326 K (AJB) (So. Dis. Cal. June 18, 1997). In that case, the District Court held that:

> A court 'may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." United States ex rel. v. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); St. Louis Baptist Temple, Inc.v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979). Here, the Court takes judicial notice that plaintiff has had at least three prior prisoner actions dismissed by the Southern District of California on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See e.g., Jameson v. Ratelle, Civil Case No. 96-0299 J (CM) (So. Dist. Cal. Jan. 27, 1997)(order adopting magistrate judge's report and recommendation denying writ of habeas corpus as noncognizable under 28 U.S.C. § 2241 or 28 U.S.C. § 2254); Jameson v. Cal. Dept. Of Corrections, Civil Case No. 96-1175 H (So. Dist. Cal. Jan. 24, 1997)(order dismissing complaint for failing to state a claim under section 1983 pursuant to Heck v. Humphrey, 512 U.S. 475 (1994) and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A); and Jameson v. Richard J. Donovan Correctional Facility, Civil Case No. 96-1797 K (So. Dist. Cal. Jan. 22, 1997)(order dismissing complaint for failing to state a claim under section 1983 pursuant to Heck v. Humphrey, 512 U.S. 475 (1994) and 28 U.S.C. §§

1915(e)(2)(B)(ii) and 1915A).

>Based on this review of the Court's docket, the Court now finds that plaintiff has had 3 or more previously filed civil actions dismissed on the grounds set forth in 28 U.S.C. § 1915(g). Because plaintiff does not now claim to be in "imminent danger of serious physical injury," the instant action is hereby dismissed without prejudice to bringing it in a paid complaint or filing it in a state court of competent jurisdiction. See <u>Martinez v. California</u>, 444 U.S. 277, 283 n.7 (1980); <u>Wakinekona v. Olim</u>, 664 F.2d 708, 715 (9th Cir. 1981), <u>reversed on other grounds</u>, 461 U.S. 238 (1983).

<u>Jameson v. Rattelle, et al.</u>, Civil Case No. 97-0326 K (AJB) (So. Dist. Cal. June 18, 1997, order of June 18, 1997, 2:2-22). The finding of three prior dismissals is based on judicial notice taken bu U.S. District Judge Judith N. Keep in <u>Jameson v. Rattelle</u>. That Plaintiff does no have records that challenge this court's finding does not change the result, as judicial notice has been taken several years prior to the filing of this action.

As to Plaintiff's argument that he has attempted to submit the filing fee, court records indicate that as of March 26, 2009, the court has received $44.30 toward the filing fee. Plaintiff is correct that the filing fee at the time this action was filed was $150. 28 U.S.C. § 1914(a) (2003). The motion for reconsideration should therefore be granted in part to reflect the correct filing fee. Plaintiff has not, however, made any showing that he has submitted the $150 filing fee in full.

The court notes that on July 22, 2003, an order was entered, granting Plaintiff leave to proceed in forma pauperis, and directing the California Department of Corrections to collect and forward to the court the $150 filing fee from Plaintiff's trust account. Plaintiff's grant of in forma pauperis status should therefore have been revoked. Further, because this action should be dismissed for Plaintiff's failure to submit the filing fee in full, the court will, by separate order, direct the refund of the $44.30 collected toward the filing fee in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration are granted in part and denied in part.

2. The August 2, 2007, order denying Plaintiff leave to proceed in forma pauperis is amended to reflect the revocation of Plaintiff's in forma pauperis status.

3. The filing fee for this action is $150.

4. Plaintiff's motions for reconsideration are otherwise denied.

IT IS SO ORDERED.

**Dated:   April 9, 2009**                            /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE