# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S. JAMESON,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT RAWERS, et al.,<br><br>        Defendants.<br>_____ / | CASE NO.   1:03-cv-5593-LJO-MJS (PC)<br><br>ORDER DENYING REQUEST FOR COURT ORDER AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE HIS AMENDED COMPLAINT<br><br>(ECF No. 63)<br><br>PLAINTIFF'S SIXTH AMENDED COMPLAINT DUE **MAY 16, 2011**<br><br>CLERK TO SERVE A COURTESY COPY OF THIS ORDER ON THE LITIGATION COORDINATOR AT PLEASANT VALLEY STATE PRISON |

       Plaintiff Barry S. Jameson ("Plaintiff") is a state prisoner at Pleasant Valley State Prison ("PVSP") proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

       On March 9, 2011, the Court dismissed Plaintiff's Fifth Amended Complaint for failure to state a claim upon which relief could be granted. Plaintiff was given leave to file an amended complaint by April 15, 2011. (ECF No. 62.) Before the Court is Plaintiff's "Request for Court Order Directed to Prison Officials to Allow Plaintiff Access to his Legal Files So He Can Proceed." (ECF No. 63.) Plaintiff claims that prison officials have been wrongfully withholding most of his legal materials—which are stored in PVSP Receiving and Release—since 2009. He needs access to these materials in order to prepare his sixth amended complaint. Plaintiff asks the Court to order James Yates, Warden of PVSP,

to allow Plaintiff access to his legal materials.

The Court construes this filing as a request for extension of his deadline to file his amended complaint and a request for the Court to intervene to ensure that Plaintiff is given access to his legal materials.

The Court has no jurisdiction to issue an order against individuals or entities that are not parties to this litigation. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110 (1969). The Court has yet to order service of Plaintiff's complaint on <u>any</u> defendant and, therefore, there are no adverse parties over which the Court has jurisdiction. In the instant action, the Court has no authority over Warden Yates or CDCR generally, and it lacks the authority to enter the order the Plaintiff requests. Accordingly, Plaintiff's Request for Court Order is DENIED.

However, the Court is sympathetic to Plaintiff's claim that he needs access to his legal materials in order to prepare his amended complaint.[1] Although the Court cannot order him or her to do so, the Court will ask the Litigation Coordinator at Pleasant Valley State Prison to work with Plaintiff to allow him access to his documents in the prison R&R. To allow some time for the documents to be located and reviewed by Plaintiff, the Court will grant Plaintiff an extension of his deadline to file his amended complaint. Plaintiff's sixth amended complaint shall be filed not later than **May 16, 2011**.

The Court ORDERS the Clerk to serve a copy of this Order on the Litigation Coordinator at Pleasant Valley State Prison. The Court asks the Litigation Coordinator to work with Plaintiff to retrieve his legal materials in a timely manner.

IT IS SO ORDERED.

Dated:   March 18, 2011                      /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] If PVSP denies Plaintiff access to his legal materials and this action is dismissed because Plaintiff is unable to prepare and prosecute his case, Plaintiff may have a cognizable claim for denial of access to the courts. Such a claim would not arise out of the same transaction as Plaintiff's failure to protect claim at issue in this case, so it could not be pursued in the above-captioned action. See Fed. R. Civ. P. 20, 21. However, he may be able to pursue a denial of access to the courts claim in a separate action against PVSP officials.