UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S. JAMESON, | CASE NO.   1:03-cv-5593-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF CERTAIN OF PLAINTIFF'S CLAIMS |
| v. | |
| SCOTT RAWERS, et al., | (ECF Nos. 62 and 67) |
| Defendants. | |

## I.     INTRODUCTION

Plaintiff Barry S. Jameson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff initiated this action on May 12, 2003.  (Compl., ECF No. 1.)  He has been granted leave to amend his complaint four times—three times on his own motion and once at the Court's request.  Plaintiff filed a Fifth Amended Complaint on April 20, 2006.  (Fifth Am. Compl., ECF No. 31.)  On March 9, 2011, after reviewing Plaintiff's Fifth Amended Complaint, the Court ordered Plaintiff to either file a Sixth Amended Complaint or notify the Court of his willingness to proceed only on his Eighth Amendment medical care claim against Defendants Rees and Perry.  (Order, ECF No. 62.)  Plaintiff has since notified the Court of his willingness to proceed only on the Eighth Amendment medical care claim against

---

[1] Plaintiff's Fifth Amended Complaint included three additional Plaintiffs.  However, the Court severed the other Plaintiffs' claims leaving Plaintiff Jameson as the only plaintiff in this action.

Defendants Rees and Perry. (Notice, ECF No. 67.) Accordingly, all claims in Plaintiff's Fifth Amended Complaint except for his Eighth Amendment medical care claim against Defendants Rees and Perry should now be dismissed.

## II.  ANALYSIS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A)(a). The Court must dismiss a complaint or portion thereon if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2).

The Court reviewed Plaintiff's Fifth Amended Complaint pursuant to this statute and issued a Screening Order on March 9, 2011. (Order, ECF No. 62.) In that Order, the Court dismissed Claims Three through Six of Plaintiff's Fifth Amended Complaint because they arose out of incidents at a different prison facility, were asserted against different defendants, and were materially different in nature than those asserted in Plaintiff's other claims. (Id. at 5.)

The Court then analyzed Plaintiff's Claims One and Two, in which Plaintiff alleged that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated. (Id. at 6-15.) The Court found that Plaintiff's Fourth and Fifth Amendment claims were futile and that Plaintiff should not be permitted to assert them in an amended complaint. (Id. at 7-8.) The Court further found that Plaintiff's Fourteenth Amendment claim did not arise out of the same transaction, occurrence, or series of occurrences as the other claims in Plaintiff's case and should be dismissed subject to Plaintiff's right to reassert those claims in a different proceeding. (Id. at 8-9.)

The Court found that Plaintiff did assert an Eighth Amendment claim against certain Defendants. (Id. at 9-15.) Plaintiff alleged that Defendants violated his Eight Amendment rights when they failed to protect him by releasing him into a prison yard with known enemies and when Defendants failed to provide adequate medical treatment to Plaintiff for

injuries he sustained in the prison yard.  (Fifth Am. Compl., ECF No. 31.)  The Court found that Plaintiff failed to include sufficient facts to state a claim for failure to protect under the Eighth Amendment, but gave him leave to amend his claim.  (Order, ECF No. 62 at 12.)  The Court found that Plaintiff did state an Eighth Amendment medical care claim against Defendants Rees and Perry for deliberate indifference to Plaintiff's medical needs, but Plaintiff stated no such claim against any other Defendants.  (Id. at 15.)

The Court gave Plaintiff the option to proceed only against Defendants Rees and Perry on his medical care claim or to file another amended complaint.  Plaintiff has notified the Court that he wishes to proceed only on his medical care claim against Defendants Rees and Perry. (Notice, ECF No. 67.)  Accordingly, Plaintiff's other claims should now be dismissed.

## III.   CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's Eighth Amendment "failure to protect" claim in Counts One and Two of his Fifth Amended Complaint be DISMISSED without prejudice;

2. Plaintiff's Fourth, Fifth, and Fourteenth Amendment claims in Counts One and Two of his Fifth Amended Complaint be DISMISSED without prejudice;

3. Counts Three, Four, Five and Six of Plaintiff's Fifth Amended Complaint be be DISMISSED without prejudice; and

4. Plaintiff be permitted to proceed on his Eighth Amendment claim, in Counts One and Two of his Fifth Amended Complaint, that Defendants Rees and Perry acted with deliberate indifference to Plaintiff's medical care needs, but that all other medical care claims in Counts One and Two the Fifth Amended Complaint be dismissed as against all other Defendants.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections

to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 5, 2011                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE