UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S. JAMESON, | CASE NO.   1:03-cv-05593-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | |
| SCOTT P. RAWERS, et al., | (ECF No. 74) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Barry S. Jameson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 9, 2011, the Court screened Plaintiff's Fifth Amended Complaint and found that he had stated a claim against Defendants Perry and Rees for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (ECF No. 62.) The Defendants filed a Motion to Dismiss on August 31, 2011, arguing that Plaintiff failed to state a cognizable claim and that Defendants are entitled to qualified immunity.  (ECF No. 74.)  Plaintiff filed an opposition on September 16, 2011.  (ECF No. 76.)  The Defendants filed a reply and a request for judicial notice on October 11, 2011.  (ECF Nos. 79 & 80.)

I.   **LEGAL STANDARD**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

**II.   ANALYSIS**

The Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Perry and Rees argue that Plaintiff has not stated a cognizable Eighth Amendment claim because his medical needs were not sufficiently serious and the allegations of deliberate indifference rest solely on a disagreement with the Defendants' medical opinions. Defendants also contend that they are entitled to qualified immunity.

At the outset, Defendants are sure to appreciate that the points they raise here are essentially the same ones this Court necessarily considered in screening Plaintiff's pleading. Re-review of those same pleadings is unlikely to produce a different result. Thus a motion to dismiss at this juncture is unlikely to serve meaningful purpose and may in fact slow the process and postpone review of the provable evidence related to this claim.

Nevertheless, the Court will address Defendants' challenges to, and once again review, those pleadings which, when presumed to be true, it finds sufficient to state a cognizable claim.

**A.   Failure to State A Claim**

The Defendants argue in their motion and reply that the Fifth Amended Complaint

does not state a cognizable Eighth Amendment claim. Plaintiff contends that the Defendants' conduct amounted to a failure to treat his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In terms of a serious medical need, Plaintiff has alleged that he suffered broken bones and injuries to his head. The Defendants characterize these injuries and any lack of treatment thereto as the kind of deprivation tolerated by the Eighth Amendment. (ECF No. 74 at 9.) As stated in the March 9, 2011 Screening Order, allegations of broken bones and head injuries are sufficiently serious to satisfy the first element of an Eighth Amendment claim. (ECF No. 62.)

The Defendants insist that Plaintiff has not satisfied the deliberate indifference element of his Eighth Amendment claim because his allegations amount to a disagreement with the course of treatment provided. "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

However, as the Court found in its Screening Order, Plaintiff has satisfied the deliberate indifference standard by alleging that the Defendants failed to treat his serious medical need. Defendant Perry declined Plaintiff's request for treatment twice in January, 2003. On March 21, 2003, Plaintiff complained of the lingering effects of his injuries to Defendant Rees and allegedly he too provided no treatment. Plaintiff alleged that both Defendants were aware of his injuries and offered no treatment. The denial of all medical

attention for a serious medical condition may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

Plaintiff has stated a claim for inadequate medical care. The Court interprets Plaintiff's Eighth Amendment claims as arising out of a complete denial of medical care for a serious medical need. In his opposition, Plaintiff confirms that allegation. In their reply, the Defendants renew the argument that Plaintiff's claims are based on a disagreement over course of treatment.[1] Plaintiff has alleged sufficient facts to state a claim against Defendants Perry and Rees for inadequate medical care in violation of the Eighth Amendment.

## B. Qualified Immunity

Defendants also argue that they are entitled to qualified immunity. Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 129 S.Ct. 808, 815 (2009), and protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional

---

[1] The Defendants submitted portions of Plaintiff's medical records relevant to his allegations in their Request for Judicial Notice. (ECF No. 80.) The records were referenced in the Defendants' reply. (ECF No. 79 at 4, 6.) In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint whose authenticity no party questions. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001). While the documents may be considered in the Court's ruling, they offer no persuasive value as presented. The Defendants identified each document as a specific medical record, but offered no explanation as to how the contents of each document related to their arguments. Absent explanation, the Court was left with documents containing illegible handwriting or text without context. The Court was unable to determine how the documents supported the Defendants' reply.

-4-

right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001); Delia v. City of Rialto, 621 F.3d 1069, 1074 (9th Cir. 2010); Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. Pearson, 129 S.Ct. at 818 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Delia, 621 F.3d at 1074-75; Mueller, 576 F.3d at 993-94.

Taken in the light most favorable to the Plaintiff, the Fifth Amended Complaint presented a cognizable claim against both Defendants for providing inadequate medical care in violation of the Eighth Amendment. At the time the alleged violation occurred, it was clearly established that prison officials cannot intentionally deny adequate medical care. See Estelle, 429 U.S. at 97. Any reasonable official should know that denial of treatment to a patient complaining of broken bones and a head injury would constitute deliberate indifference to serious medical needs in violation of the Eighth Amendment. Thus, the Defendants are not entitled to qualified immunity on this motion.

**III.   CONCLUSION**

For the reasons stated above, the Court recommends that the Motion to Dismiss be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time

////

////

may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     November 22, 2011           /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE